UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ACCESS HEALTH LOUISIANA                      CIVIL ACTION

VERSUS                                        NO: 25-1976

VANMOL, LLC                                   SECTION: "A" (4)

## ORDER AND REASONS

The following motion is before the Court: **Motion to Remand (Rec. Doc. 11)** filed by the plaintiff, Access Health Louisiana. The defendant, Vanmol, LLC, opposes the motion. The motion, noticed for submission on October 29, 2025, is before the Court on the briefs without oral argument.

**I.     Background**

The plaintiff, Access Health Louisiana ("AHL"), filed a Rule to Evict in the 29th JDC for the Parish of St. Charles, against Vanmol, LLC. (Rec. Doc. 1-1, Rule to Evict at 1). The Rule explained that Vanmol's lease of AHL's commercial property (located in Woodworth, Louisiana) ("the Premises") had an initial term of five years that had ended on February 28, 2024, and that Vanmol had failed to exercise its renewal option. (*Id.*). AHL delivered to Vanmol a written notice to vacate the Premises, *see* La. Code Civ. Pro. 4701, but Vanmol did not comply. A show cause hearing on the Rule to Evict was set for October 23, 2025, before a state district judge.[1] (*Id.* at 2).

---

[1] Pursuant to Article 4731(A) of the Louisiana Code of Civil Procedure, eviction is a summary proceeding initiated by the filing of a rule to show cause. A summary action for eviction involves the single issue of whether the owner is entitled to possession of the premises. *71070 Hwy. 21, LLC v. Cardiovascular Spec. Care Ctr. of Covington, LLC*, 383

1

Vanmol filed its Notice of Removal on September 23, 2025, alleging diversity jurisdiction, 28 U.S.C. § 1332(a). AHL is alleged to be a citizen of Louisiana, and Vanmol is alleged to be a citizen of Wyoming and Toronto, Canada. (Rec. Doc. 1, Notice of Removal at 6-7). Vanmol contends that the amount in controversy exceeds $75,000.00.

AHL now moves to remand this matter to the state court from which it was removed based on two contentions: 1) that Vanmol contractually waived its right to remove this matter to federal court, and 2) that the parties are not diverse in citizenship because The Lanah Group, Inc., which is Vanmol's sole member, has its principal place of business in Jonesboro, Louisiana.[2]

## II.   Discussion

Section 1441 of Title 28 governs removal of civil actions. The statute states in relevant part:

---

So. 3d 205, 212 (La. App. 1st Cir. 2023) (citing *Citizens Bank & Trust Co. v. Carr*, 583 So. 2d 864, 866 (La. App. 1st Cir. 1991)).

[2] Vanmol is an LLC. An LLC takes on the citizenship of each of its members. *Acadian Diag. Labs., L.L.C. v. Quality Toxicology, L.L.C.*, 965 F.3d 404, 408 n.1 (5th Cir. 2020) (citing *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008)). Vanmol has a single member, The Lanah Group, Inc., which is a corporation. A corporation is deemed to be a citizen of every state in which it has been incorporated and in the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The Lanah Group is incorporated in Wyoming, and claims Toronto, Canada as its principal place of business. (Notice of Removal ¶¶ 20, 21).

> **Generally**—Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have *original* jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis added).

Section 1332(a)(2) of Title 28 gives the district court *original* jurisdiction of all civil actions where the matter in controversy exceeds the value of $75,000.00 and is between citizens of a State and citizens of a foreign state. Complete diversity is required for cases brought under § 1332(a). *Harvey*, 542 F.3d at 1079 (citing *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004)). Complete diversity "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side" of the controversy. *Id.*

The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253–54 (5th Cir.1961)). Therefore, the party seeking removal bears the burden of establishing federal jurisdiction, and it must do so by a preponderance of the evidence. *See Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 239-240 (5th Cir. 2015) (citing *Dart Cherokee Basin Oper. Co. v. Owens*, 135 S. Ct. 547, 553-54 (2014)).

### *Subject Matter Jurisdiction—Citizenship*

AHL has challenged diversity jurisdiction because the Business Entity Detail report from the Wyoming Secretary of State indicates that The Lanah Group, Inc.'s principal place of business is in Jonesboro, Louisiana. (Rec. Doc. 11-4). If this is

3

correct, then Louisiana is one of Vanmol's states of citizenship, and complete diversity is lacking.

Peter Saad, the sole shareholder of The Lanah Group, Inc., explained that The Lanah Group, Inc. is a holding company with no employees and no office of its own. (Rec. Doc. 1-3, Saad Declaration ¶ 3). Saad makes all business decisions for The Lanah Group, Inc. and conducts all of the corporation's operations from his residence in Toronto, Canada. (*Id.*). Vanmol's position is that Toronto, Canada is The Lanah Group, Inc.'s "nerve center" and therefore principal place of business. In its Notice of Removal, Vanmol acknowledged The Lanah Group, Inc.'s corporate registration filing that provides a Jonesboro, Louisiana address for the corporation's principal place of business but explained that The Lanah Group, Inc. in actuality only receives mail at that location. (Notice of Removal at 6 n.2).

The Supreme Court has explained that a corporation's principal place of business is its "nerve center," which refers to the place where a corporation's officers direct, control, and coordinate the corporation's activities. *See Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010)). According to Saad's declaration, he is the only corporate officer for The Lanah Group, Inc., and Toronto, Canada is the place where he directs, controls, and coordinates the corporation's activities. (Rec. Doc. 1-3, Saad Declaration ¶ 3). Toronto, Canada is The Lanah Group, Inc.'s nerve center, which means that it is also its principal place of business.

AHL is a Louisiana citizen. Vanmol is a citizen of Wyoming and Toronto, Canada. Vanmol has established by a preponderance of the evidence that the parties are completely diverse in citizenship.

### *Subject Matter Jurisdiction—Amount in Controversy*

AHL did not challenge Vanmol's assertion that the amount in controversy exceeds $75,000.00. But parties cannot confer subject matter jurisdiction by consent or acquiescence. *See Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833, 850-51 (1986)). Thus, the Court has an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 583 (1999)).

When AHL filed a summary proceeding to evict Vanmol from the Premises Vanmol was not in arrears with its rental payments. Damages are not recoverable in a hearing on a rule to evict because under Louisiana law a summary eviction proceeding involves the single issue of whether the owner is entitled to possession of the property. *A. Levet Props. Partner. v. Bank One, N.A.*, No. 03-1708, 2003 WL 21715010, at *2 (E.D. La. July 21, 2003) (Vance, J.) (citing *Williams v. Bass*, 847 So. 2d 80, 82   (La. App. 2nd Cir. 2003); *Capone v. Kenny*, 646 So. 2d 510, 512 (La. App. 4th Cir. 1994)). AHL is not seeking back rent or damages or any monetary relief whatsoever. So this summary proceeding finds itself in federal court with an amount in controversy that ostensibly is $0.

Rejecting the notion that the federal courts might very well be unavailable to a non-resident lessee in Vanmol's position due to a $0 amount in controversy, federal district courts have developed a methodology to place a non-$0 value on the right of possession, which again is the sole issue to be litigated in a Louisiana summary eviction proceeding. *See Villenurve v. New River Shopping Ctr.*, No. 17-303, 2017 WL 514659,

at *3 (M.D. La. Sep. 13, 2017) (Wilder-Doomes, M.J.) (citing *A. Levet Props.*, 2003 WL 21715010, at *2). Using this methodology to place a value on the right of possession in a summary eviction proceeding, the value of the right of possession is determined by the marginal change in the plaintiff's economic position with and without possession. *Id.* So for instance, the court will look to the difference between the rent received from a new tenant (with possession) and the rent that the plaintiff would have received from the current tenant, the defendant (without possession). *Id.* Assuming that the marginal monthly difference is greater than $0, the value of the right of possession is then determined by multiplying the marginal monthly difference by the appropriate lease term.

     In this particular case, the marginal monthly difference does not net a number greater than $0 (in fact it nets a negative number) because AHL does not intend to search for another tenant to whom it can re-let the Premises. (Notice of Removal ¶ 14). Vanmol had been operating a lucrative pharmacy business out of the Premises but AHL informed Vanmol that it intends to open its own pharmacy business at the location. (Rec. Doc. 1-2 Exhibit B, Notice of Lease Termination Letter at 2). So the monthly lease payments to AHL if it regains possession will be $0. Therefore, if the amount in controversy focuses narrowly on the marginal change in AHL's economic position with respect to lease payments only, then the amount in controversy would be less than $0 because once Vanmol vacates the Premises, AHL will no longer receive monthly rent. Focusing narrowly on the marginal change in monthly lease payments, there would be no diversity jurisdiction over this eviction proceeding because the amount in controversy would not exceed $75,000.00.

Not surprisingly Vanmol argued in its Notice of Removal that determining the amount in controversy in this case does not lend itself to merely comparing the current rent that Vanmol pays and the potential rent that a new tenant would pay. The solution that Vanmol proposes for determining the amount in controversy in this case is to compare the rent that would be due to AHL under the current lease ($3,446.44 per month) with the value to AHL of being able to operate a pharmacy of its own on the Premises. (Notice of Removal ¶ 14).

Determining the amount that AHL would receive from Vanmol (without possession) is pretty straightforward. The right of possession turns on whether Vanmol exercised its contractual option to renew the lease for an additional five year term, which would end on April 30, 2029. The Rule to Evict was filed in August 2025 and the case was removed in September 2025, so the time remaining on the five year extension at the time of removal was from October 2025 through April 30, 2029, which is 43 months. According to the lease the monthly rent is $3,446.44. (Rec. Doc. 11-3 Attachment A, Lease Agreement at 2 ¶ 5.1). Thus, the value of the premises to AHL without possession would be $148,196.92 (43 months x $3,446.44), which means that in order for the Court to have subject matter jurisdiction the value of the Premises to AHL with possession over the applicable 43 month period (through April 30, 2029) must be at least $223,196.93 ($148,196.92 + $75,000.01).

Determining the amount that AHL would receive from the Premises if it could successfully evict Vanmol and regain possession does not lend itself to a similarly straightforward calculation because AHL does not currently operate a pharmacy at that location. Determining AHL's expected revenue over the specific 43 month period at

7

issue requires a lot of guess work. To help things along Vanmol advises that on a yearly basis it has approximately $3,000,000 in gross sales from its pharmacy located on the premises. (Rec. Doc. 1-3 Exhibit C, Saad declaration ¶ 6). Vanmol posits that AHL would not be so eager to evict a reliable, paying tenant in order to lose money operating its own pharmacy. Therefore, according to Vanmol, the value of the Premises to AHL with possession surely must exceed $75,000.00.

Vanmol cites no authority for the legal proposition that the amount in controversy can be determined in the manner that Vanmol proposes (and the Court's own research revealed none). Vanmol's methodology may or may not be a reasonable extension of the legal principles that federal district courts typically apply when valuing the right of possession for purposes of subject matter jurisdiction. But in order to exercise jurisdiction over this eviction case, this district court would have to extend and expand what is already non-binding legal authority in order to create a path to federal jurisdiction.

Similarly troubling is the level of speculation involved in concluding that the amount in controversy, while not susceptible to quantification, necessarily exceeds $75,000.00 because Vanmol has gross sales of $3,000,000 a year from its pharmacy. Vanmol is a going concern with a valuable patient list that AHL would like to obtain but currently does not own. (Rec. Doc. 1-2, Notice of Lease Termination Letter at 2). It may take AHL a while before it sees the type of gross sales numbers that Vanmol has realized and that may or may not occur in the next 43 months. It also seems incongruous to use gross sales as the comparator to lease payments.

Federal courts are courts of limited jurisdiction so the court must presume that a

suit lies outside of this limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Acuna v. Brown & Root, Inc.,* 200 F.3d 335, 339 (5th Cir. 2000)).

The Court is persuaded that as to the amount in controversy this case suffers from both legal and factual ambiguities and uncertainties. As such, Vanmol has not met its burden of establishing that the Court has original subject matter jurisdiction over this eviction proceeding.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 11)** filed by the plaintiff, Access Health Louisiana, is **GRANTED** and this matter is **REMANDED** to the state court from which it was removed pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

November 18, 2025

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE